RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0310P (6th Cir.)
File Name: 01a0310p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

PATRICIA A. WESTON,
        *Plaintiff-Appellant,*

                v.                                    No. 00-1115

AMERIBANK,
        *Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 99-00698—Wendell A. Miles, District Judge.

Argued: January 30, 2001

Decided and Filed: September 7, 2001

Before: NORRIS, SILER, and BRIGHT, Circuit Judges.[*]

———————————

**COUNSEL**

**ARGUED:** John E. Anding, DREW, COOPER & ANDING, Grand Rapids, Michigan, for Appellant. Ronald J. VanderVeen, Holland, Michigan, for Appellee. **ON BRIEF:** John E. Anding, Christopher G. Hastings, DREW, COOPER

_____

[*]The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

& ANDING, Grand Rapids, Michigan, for Appellant. Ronald J. VanderVeen, Holland, Michigan, for Appellee.

_____

## OPINION
_____

BRIGHT, Circuit Judge.  Patricia A. Weston ("Weston") appeals the district court's[1] grant of summary judgment dismissing her Truth in Lending Act ("TILA") complaint. The district court determined that Weston's claim was barred by the TILA's one-year statute of limitations.  15 U.S.C. § 1640(e).  For the reasons discussed below, we **AFFIRM**.

## I.  JURISDICTION

The district court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.  Weston's notice of appeal was timely filed according to FED. R. APP. P. 4(a).

## II.  BACKGROUND

On April 1, 1998 Weston closed a loan with AmeriBank. The bank charged Weston a $350 document preparation fee. Weston alleges that the $350 document preparation fee violates the TILA because it was not properly disclosed.

On December 21, 1998 Paul and Theresa Dressel ("Dressels"), acting on behalf of a class of similarly situated borrowers, filed a complaint in Michigan's Kent County Circuit Court alleging that AmeriBank violated Michigan law by charging them an inappropriate document preparation fee. The Dressels claimed, among other things, that AmeriBank violated Michigan usury law and Michigan's statutory prohibition against the unauthorized practice of law by

_____

[1]The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan.

charging them a $400 document preparation fee on their November 17, 1997 loan. On March 22, 1999 the state circuit court certified the Dressels' case as a class action. On July 2, 1999 the circuit court dismissed the case, holding that AmeriBank's document preparation fee did not violate Michigan's usury law and AmeriBank had not engaged in the unauthorized practice of law. The Dressels moved for reconsideration and sought leave to amend their complaint to include, among other things, a TILA claim. On September 3, 1999 the state circuit court denied their requests. The state circuit court held that the Dressels' TILA claim was barred by the TILA's one-year statute of limitations because the Dressels' complaint was filed on December 21, 1998, more than thirteen months after their November 17, 1997 loan.

Weston filed her complaint on September 10, 1999, seven days after the state circuit court denied the Dressels' request for reconsideration and leave to amend their complaint and one year and seven months after closing her loan with AmeriBank. Weston is represented in this action by the same counsel who represented the Dressels. AmeriBank moved the district court to dismiss Weston's complaint, arguing that her TILA claim was barred by the one-year statute of limitations contained in 15 U.S.C. § 1640(e). The district court treated AmeriBank's motion as a motion for summary judgment and dismissed Weston's TILA claim because it was barred by the statute of limitations. The district court declined to exercise supplemental jurisdiction over Weston's state law claims, and dismissed them without prejudice.

## III. DISCUSSION

We review the district court's grant of summary judgment de novo. *Birgel v. Board of Comm'rs*, 125 F.3d 948, 950 (6th Cir. 1997), *cert. denied*, 522 U.S. 1109 (1998). We view the evidence in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Summary judgment is proper if the evidence "show[s] that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Title 15 U.S.C. § 1640(e) states that, "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . ." The parties do not dispute that the one-year statute of limitations applies to this case and that the statute of limitations bars Weston's complaint unless the statute of limitations is tolled. Rather, Weston argues that the statute of limitations on her TILA claim was tolled during the pendency of the *Dressel* class action and that once tolling applies, her complaint was filed within the applicable one-year period. The district court determined that Weston's TILA claim was not tolled and, therefore, that her claim was barred by the one-year statute of limitations.

In *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552-53 (1974), the Supreme Court held that the commencement of a class action suit tolls the applicable statute of limitations for all class members who make timely motions to intervene upon denial of certification. The Court tolled the statute of limitations because class actions are designed to "avoid, rather than encourage, unnecessary filing of repetitious papers and motions," 414 U.S. at 550, and because the "policies of ensuring essential fairness to defendants and of barring a plaintiff who has slept on his rights, are satisfied when, as here, a named plaintiff who is found to be representative of a class commences a suit and thereby notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment." 414 U.S. at 554-55 (citations omitted).

In *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350-52 (1983), the Court extended the tolling of the statute of limitations to those bringing individual actions after class certification is denied, and to those electing to opt out of the

class action to file individual claims. In his concurrence, however, Justice Powell cautioned that, "[t]he tolling rule of *American Pipe* is a generous one, inviting abuse[,]" and it "should not be read . . . as leaving a plaintiff free to raise different or peripheral claims following denial of class status." 462 U.S. at 354 (Powell, J., concurring).

In this case, Weston's claim is barred by the TILA's one-year statute of limitations. Under *American Pipe*, the statute of limitations for putative class members of the original class is tolled only for substantive claims that were raised, or could have been raised, in the initial complaint. The Dressels' initial complaint alleged solely state law violations. The state circuit court denied the Dressels' request to amend their complaint to assert a TILA claim because the applicable statute of limitations had run when the Dressels filed their initial complaint. Thus, the state law claims raised in *Dressel* are separate and distinct from Weston's TILA claims. The *Dressel* case did not toll the TILA's one-year statute of limitations for Weston's TILA claim because the Dressels did not assert a TILA claim and the Dressels could not have made a TILA claim in their initial complaint because their complaint was filed after the TILA's one-year statute of limitations had run. Therefore, the district court did not err when it granted summary judgment for AmeriBank.

## IV. CONCLUSION

The district court did not err when it determined that the TILA's one-year statute of limitations barred Weston's claim and, therefore, we **AFFIRM** the district court's grant of summary judgment for AmeriBank.