IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 5, 2004 Session

## ANTHONY TIGG ET AL. V. PIRELLI TIRE CORPORATION ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 02C-2317     Hamilton V. Gayden, Jr., Judge**

---

**No. M2003-02118-COA-R3-CV - Filed December 22, 2005**

---

This appeal involves a dispute between workers who were hired to replace striking workers and the employer as well as the international and local unions representing the striking workers. After a class action purportedly filed on their behalf was dismissed before the class was certified, some of the replacement workers who would have been members of the class filed another class action complaint in the Circuit Court for Davidson County against the employer and the unions. The employer moved to dismiss the complaint based on the statute of limitations and the doctrine of laches. The trial court granted the motion, and the replacement workers appealed. We have determined that the trial court erred by concluding that the replacement workers' claims for breach of contract and interference with contract are time-barred and that the doctrine of laches prevented them from maintaining these claims against the employer and the unions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which HERSCHEL PICKENS FRANKS, P.J. and FRANK G. CLEMENT, JR., J., joined.

F. Dulin Kelly, Clint Kelly, and Andy L. Allman, Hendersonville, Tennessee, for the appellants, Anthony Tigg, Levance Madden, Jr., Ronald Elliott, Vickie Dillworth, Daphney Cecil, Herschel D. Brooks, Jr., Eugene O. Coffman, Jr., Donald Elliot, Eric Thompson, Karz Miller, and Terrance Bryson.

Richard L. Colbert, Nashville, Tennessee, for the appellee, Pirelli Tire Corporation.

George E. Barrett and Gerald E. Martin, Nashville, Tennessee, for the appellees, United Steelworkers of America, and URW Local Union 670.

### OPINION

### I.

Pirelli Armstrong Tire Corporation (Pirelli) operated a tire manufacturing plant in Madison, Tennessee. Most of its workers were members of Local 670 of the United Rubber, Cork, Linoleum

and Plastic Workers Union (United Rubber Workers). In July 1994, the union workers at Pirelli's plant went out on strike. Pirelli hired non-union workers to replace the striking workers and promised these replacement workers that their jobs would be permanent and that they would not be terminated to make room for the returning union workers once the strike was settled.

The strike ended in March 1995 when Pirelli and the union entered into a new collective bargaining agreement. The company began to rehire the union workers and, under pressure from the national and local unions, began to fire the replacement workers. In October 1995, three of the replacement workers who had been fired filed a class action suit in the Circuit Court for Davidson County against Pirelli, Local 670, and the United Rubber Workers. They sued Pirelli for breach of contract and retaliatory discharge, and they sued the two unions for treble damages for procurement of the breach of their employment contracts.[1]

Pirelli and the unions jointly removed the complaint to federal court, but the United States District Court for the Middle District of Tennessee eventually remanded the state law claims to the trial court for disposition. *Baldwin v. Pirelli Armstrong Tire Corp.*, 927 F. Supp. 1046, 1057 (M.D. Tenn. 1996). The defendants thereafter filed Tenn. R. Civ. P. 12.02(6) motions, and the trial court dismissed the procurement of breach of contract claim against the unions and the breach of contract claim against Pirelli. However, the trial court did not dismiss the replacement workers' retaliatory discharge claim against Pirelli.

The replacement workers appealed. On appeal, this court determined that the replacement workers had not stated a claim for retaliatory discharge. However, we also determined that the replacement workers had stated a breach of contract claim against Pirelli, as well as a procurement of breach of contract claim against the unions. *Baldwin v. Pirelli Armstrong Tire Corp.*, 3 S.W.3d 1, 4-7 (Tenn. Ct. App. 1999). The case returned to the trial court after the Tennessee Supreme Court declined to review our decision. No effort was ever made, however, to certify the class action in the case. On May 9, 2002, the three named plaintiffs in the *Baldwin* case dismissed their complaint without notice to the other potential class members after settling their individual claims.

On August 16, 2002, eleven replacement workers filed another class action suit in the Circuit Court for Davidson County. They asserted breach of contract and wrongful termination claims against Pirelli and procurement of breach of contract claims against the unions. Thereafter, Pirelli filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss, asserting that the complaint was barred by the statute of limitations and the doctrine of laches. The workers responded that they were not guilty of laches and that the running of the statute of limitations was tolled as long as the *Baldwin* class action suit was pending. On April 3, 2003, the trial court entered an order dismissing the complaint based on the statute of limitations and laches.[2] The replacement workers have appealed.

---

[1] *See* Tenn. Code Ann. § 47-50-109 (2001).

[2] The unions were questioning the adequacy of service when Pirelli filed its motion to dismiss. Even though the motion to dismiss was filed only by Pirelli, the trial court's April 3, 2003 order dismissed the complaint as to all parties.

## II.
### THE APPLICATION OF THE CLASS ACTION TOLLING DOCTRINE

The replacement workers first take issue with the trial court's conclusion that their claims were barred by the applicable statute of limitations.[3] They assert that the trial court erred by declining to invoke the class action tolling doctrine to toll the running of the statutes of limitations on their claims as long as the *Baldwin* class action proceeding was pending. We have determined that the class action tolling doctrine applies and, therefore, that the trial court erred by dismissing the replacement workers' breach of contract and interference with contract claims.

### A.

The United States Supreme Court first articulated the class action tolling doctrine over thirty years ago when it held that the filing of a class action suit tolls the running of the statute of limitations for all purported members of the class who make timely motions to intervene in the litigation after the court has found the suit inappropriate for class action status. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553-55, 94 S. Ct. 756, 766-67 (1974). The Court determined that the doctrine struck a proper balance between using class actions to promote efficiency and economy in litigation and protecting defendants from being required to defend against stale claims. It also observed that failing to recognize class action tolling would frustrate the purpose of class actions because in its absence, individual plaintiffs would be forced to file their own lawsuits or motions to intervene to avoid the risk of being shut out if a class was not certified. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. at 553-54, 94 S. Ct. at 766. Nine years later, the Court extended the application of the class action tolling doctrine to class members who file their own individual actions after the class action is not certified. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352, 103 S. Ct. 2392, 2397 (1983).

Over the years, the courts have recognized four limitations on the application of the class action tolling doctrine. First, the person seeking to invoke the doctrine must have been a member of the purported class. Second, the defendant in the subsequent complaint must have been named as a defendant in the class action complaint.[4] Third, the individual claims must be the same as the

---

[3] Breach of contract claims have a six-year statute of limitations unless otherwise expressly provided for. Tenn. Code Ann. § 28-3-109(a)(3) (2000). Claims for interference with contract have a three-year statute of limitations. Tenn. Code Ann. § 28-3-105(1) (2000); *Carruthers Ready-Mix, Inc. v. Cement Masons Local Union No. 520*, 779 F.2d 320, 324-25 (6th Cir. 1985). Retaliatory or wrongful discharge claims have a one-year statute of limitations. Tenn. Code Ann. § 28-3-104(a)(1) (2000); *Weber v. Moses*, 938 S.W.2d 387, 393 (Tenn. 1996).

[4] This requirement assures that the purpose of the statute of limitations is satisfied. The named defendant in the class action suit will have received notice of the claim within the limitations period. Accordingly, it will have been provided an opportunity to preserve evidence, gather witnesses, or otherwise prepare to defend itself without the difficulties created by the passage of time.

claims asserted in the class action suit.[5]  Fourth, the doctrine applies only to individual suits; it does not apply to subsequently filed class action suits.[6]

The tolling period begins when the class action suit is filed.  The limitations clock begins ticking again either when the class is not certified,[7] when a class is certified that does not include the individual plaintiff,[8] or when the individual plaintiff opts out of the class.[9]

The class action tolling doctrine articulated in the *American Pipe* and *Crown Cork* decisions is a federal procedural rule which, while persuasive, is not controlling on the states.  Nonetheless, a majority of states that have addressed the question have incorporated the class action tolling doctrine into their jurisprudence.[10]  While the Tennessee Supreme Court has not been presented with a case providing a vehicle for adopting class action tolling in Tennessee, it commented favorably on the benefits recognized by the other states that have adopted the class action tolling doctrine. *Maestas v. Sofamor Danek Group, Inc.*, 33 S.W.3d 805, 808 (Tenn. 2000).

**B.**

Pirelli and the unions argue that we should not recognize the class action tolling doctrine. They first assert that recognizing exceptions to statutes of limitations is exclusively within the province of the General Assembly, not the courts.  The General Assembly unquestionably has the power to create statutes of limitations, as well as exceptions to these statutes. *Phillips v. Memphis Furniture Mfg. Co.*, 168 Tenn. 481, 488-89, 79 S.W.2d 576, 578 (1935).  However, the courts also have the power to create "tolling" doctrines of their own.  Over thirty years ago, the Tennessee

---

[5]*Johnson v. Railway Express Agency*, 421 U.S. 454, 467, 95 S. Ct. 1716, 1723 (1975) (noting that the tolling effect accorded to the filing of the class action in *American Pipe* "depended heavily on the fact that those filings involved exactly the same cause of action subsequently asserted"); *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1283 (11th Cir. 2003); *Weston v. AmeriBank*, 265 F.3d 366, 368-69 (6th Cir. 2001); *Southwire Co. v. J.P. Morgan Chase & Co.*, 307 F. Supp. 2d 1046, 1062-63 (W.D. Wis. 2004); *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 936 (Cal. 1988); *Singer v. Eli Lilly & Co.*, 549 N.Y.S.2d 654, 659-61 (App. Div. 1990).

[6]*Catholic Soc. Serv., Inc. v. INS*, 182 F.3d 1053, 1059 (9th Cir. 1999) (noting that "every circuit to consider the question . . . has held that such tolling is not available.")

[7]*Crown Cork & Seal Co. v. Parker*, 462 U.S. at 354, 103 S. Ct. at 2397; *American Pipe & Constr. Co. v. Utah*, 414 U.S. at 561, 94 S. Ct. at 770; *Piney Woods Country Life Sch. v. Shell Oil Co.*, 170 F. Supp. 2d 675, 684 (S.D. Miss. 1999); *Arnold v. Dirrim*, 398 N.E.2d 426, 440 (Ind. Ct. App. 1979).

[8]*Ganousis v. E. I. duPont de Nemours & Co.*, 803 F. Supp. 149, 155 (N.D. Ill. 1992).

[9]*Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488-89 (9th Cir. 1985); *In re Brand Name Drugs Antitrust Litigation*, No. 94 C 897, MDL 997, 1998 WL 474146, at *7 (N.D. Ill. Aug. 6, 1998).

[10]*See, e.g., White v. Sims*, 470 So. 2d 1191, 1193 (Ala. 1985); *Grimes v. Housing Auth. of New Haven*, 698 A.2d 302, 306 (Conn. 1997); *Steinberg v. Chicago Medical Sch.*, 371 N.E.2d 634, 645 (Ill. 1977); *Christensen v. Philip Morris USA*, 875 A.2d 823, 846-48 (Md. Ct. App. 2005); *Staub v. Eastman Kodak Co.*, 726 A.2d 955, 963-64 (N.J. Super. Ct. App. Div. 1999); *Vaccariello v. Smith & Nephew Richards, Inc.*, 763 N.E.2d 160, 163 (Ohio 2002); *Grant v. Austin Bridge Constr. Co.*, 725 S.W.2d 366, 370 (Tex. App. 1987).

Supreme Court recognized the "discovery rule" as an exception to the running of the statute of limitations in medical malpractice cases. *Teeters v. Currey*, 518 S.W.2d 512, 515-16 (Tenn. 1974).[11] The courts have since applied the discovery doctrine to other tort actions, *Carvell v. Bottoms*, 900 S.W.2d 23, 28 (Tenn. 1995); *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487, 491 (Tenn. 1975), and to certain breach of contract actions. *Goot v. Metropolitan Gov't*, No. M2003-02013-COA-R3-CV, 2005 WL 3031638, at *11-12 (Tenn. Ct. App. Nov. 9, 2005). Accordingly, we find no merit to the argument that recognizing exceptions of a statute of limitations is purely a legislative prerogative.

As a fall back position, Pirelli and the unions insist that this court should leave this decision to the Tennessee Supreme Court in light of its *Maestas v. Sofamor Danek Group, Inc.* decision. As an intermediate appellate court, we must adhere to the precedents of the Tennessee Supreme Court, *see Payne v. Johnson*, 2 Tenn. Cas. (Shannon) 542, 543 (1877), and we are obliged to follow the directives of the Tennessee Supreme Court, particularly after the "court has given definite expression to its views in a case after careful consideration." *Holder v. Tenn. Judicial Selection Comm'n*, 937 S.W.2d 877, 881 (Tenn. 1996).

The Tennessee Supreme Court did not reject the doctrine of class action tolling in *Maestas v. Sofamor Danek Group, Inc.* Rather, it rejected the related doctrine of cross-jurisdictional tolling.[12] *Maestas v. Sofamor Danek Group, Inc.*, 33 S.W.3d at 808-09. However, in the process of rejecting the cross-jurisdictional tolling doctrine, the Tennessee Supreme Court noted the benefits of class action tolling. Thus, we are not writing on a completely clean slate in this case. While the Tennessee Supreme Court is the final arbiter of judicial policy in this state, we do not believe that it requires a great leap of logic to conclude that the Tennessee Supreme Court, when given the opportunity, will hold that the class action tolling doctrine is consistent with Tennessee class action rules and that it is not contrary to the policies implicit in our statutes of limitations.

Pirelli and the unions also argue that the class action tolling doctrine is far too prejudicial to defendants because it allows the question of class certification to loom indefinitely over their heads. This argument assumes that the class action tolling doctrine would permit later class actions if the first class action is not certified. This fear is groundless because, as we have already noted, the doctrine applies only to individual suits, not to subsequently filed class actions.[13] *Catholic Soc. Serv., Inc. v. INS*, 182 F.3d at 1059; *Basch v. Ground Round, Inc.*, 139 F.3d 6, 11 (1st Cir. 1998); *Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir. 1994); *Andrews v. Orr*, 851 F.2d 146, 149 (6th Cir.

---

[11]Pursuant to the discovery rule, the statute of limitations is tolled until the plaintiff discovers, or should have discovered, that he or she has suffered an injury caused by the defendant. *McIntosh v. Blanton*, 164 S.W.3d 584, 586 (Tenn. Ct. App. 2004).

[12]The doctrine of cross-jurisdictional tolling permits the tolling of one jurisdiction's statute of limitations while a class action is pending in another jurisdiction.

[13]In the current case, the replacement workers will not be allowed to have their class certified, but they will be allowed to proceed with their claims individually.

1988); *Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir. 1987); *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1351 (5th Cir. 1985).

Based on our consideration of this record and the Tennessee Supreme Court's decision in *Maestas v. Sofamor Danek Group, Inc.*, we find that the class action tolling doctrine is consistent with Tennessee law. It will benefit the judicial system by forestalling the filing of numerous suits by prospective class members desiring to protect their individual claims, and, at the same time, it will protect the defendants from stale claims because they will know the identity of the plaintiff and the nature of the claim in a timely manner. Accordingly, we have concluded that the trial court erred by failing to invoke the class action tolling doctrine to toll the running of the statute of limitations in this case.

## C.

Finally, Pirelli and the unions argue that even if we adopt the doctrine of class action tolling in this case, it should not be extended to cover any cause of action that was not included in the *Baldwin* proceeding. Specifically, they insist that the doctrine should not apply to the replacement workers' wrongful discharge claim based on Tenn. Code Ann. § 50-1-201 (2005), which is Tennessee's "right to work" law. We agree with Pirelli and the unions on this point.

Class action tolling will not save claims brought by putative class members that are "separate and distinct" from those brought by the class representatives. *Weston v. AmeriBank*, 265 F.3d at 368-69. It is clear that the retaliatory discharge claims brought by the *Baldwin* plaintiffs and by the replacement workers in this case are separate and distinct. The *Baldwin* plaintiffs argued emphatically that their retaliatory discharge claim was not based on a violation of Tenn. Code Ann. § 50-1-201. Accordingly, the replacement workers' wrongful discharge claim in this case based on Tenn. Code Ann. § 50-1-201 is separate and distinct from the *Baldwin* plaintiffs' retaliatory discharge claim.[14]

We hold that the applicable statutes of limitations were tolled on the replacement workers' claims for breach of contract and interference with contract as soon as the *Baldwin* plaintiffs filed their complaint in 1995 and remained tolled until the *Baldwin* plaintiffs settled their claims and dismissed the complaint in 2002. Because the remaining members of the putative class filed their complaint in 2002, the applicable statues of limitations do not bar their claims for breach of contract and interference with contract. However, the replacement workers' claims for wrongful discharge

---

[14]Likewise, class acting tolling does not permit defendants to recycle prior unsuccessful defenses. Pirelli and the unions argue that the replacement workers' breach of contract and interference with contract claims should be dismissed because they are preempted by Section 301 of the Labor Management Relations Act. They presented this same defense in the *Baldwin* case, and this court discussed and rejected it. *Baldwin v. Pirelli Armstrong Tire Corp.*, 3 S.W.3d at 5-6. They are therefore collaterally estopped from making the same argument in this case. *See Dickerson v. Godfrey*, 825 S.W.2d 692, 694 (Tenn. 1992); *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989). Likewise, while the unions argue that the replacement workers' complaint fails to state a cause of action against them for which relief may be granted, we have already determined in our prior opinion that the complaint sufficiently states an interference with contract claim against both unions. *Baldwin v. Pirelli Armstrong Tire Corp.*, 3 S.W.3d at 7.

-6-

are barred by the applicable statue of limitations because they are separate and distinct from the *Baldwin* claims. Accordingly, the trial court erred when it granted the Tenn. R. Civ. Proc. 12.02(6) motion on the grounds of the statutes of limitations for the breach of contract and interference with contract claims.

## IV.
### THE APPLICATION OF THE DOCTRINE OF LACHES

Apart from the tolling doctrine, Pirelli and the unions insist that the doctrine of laches should bar the replacement workers' individual claims in this case. They point out that seven years have passed since the replacement workers were fired and point to intervening events that will make it difficult to prosecute and defend these claims.

Laches is employed, at the discretion of the courts, when there has been "neglect or omission to assert a right which, taken in conjunction with the lapse of time, causes prejudice to the adverse party." *First American Bank v. Woods*, 734 S.W.2d 622, 632 (Tenn. Ct. App. 1987). Courts are reluctant to apply the defense of laches, and in cases where delay in filing suit can reasonably be explained or justified, the defense will not be applied. *Shell v. Law*, 935 S.W.2d 402, 410 (Tenn. Ct. App. 1996).

We are unpersuaded by Pirelli's and the unions' argument that the plaintiffs in this case have slept on their rights or that they will be unfairly prejudiced in their defense if the replacement workers are permitted to proceed with their claims. The replacement workers in this case filed their complaint within three months after the *Baldwin* complaint was dismissed. Since the plaintiffs in this case were identifiable members of the potential class in the Baldwin complaint, the defendants have known of their identity and the nature of their claims since 1995. During this time, both Pirelli and the unions have had ample opportunity to preserve evidence, gather witnesses, or otherwise prepare to defend itself against the claims of these replacement workers. As explained by the United States Supreme Court:

> [A] tolling rule for class actions is not inconsistent with the purposes served by statutes of limitations. Limitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights, but these ends are met when a class action is commenced. Class members who do not file suit while the class action is pending cannot be accused of sleeping on their rights; Rule 23 [of the Federal Rules of Civil Procedure] both permits and encourages class members to rely on the named plaintiffs to press their claims. And a class complaint "notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment." The defendant will be aware of the need to preserve evidence and witnesses respecting the claims of all the members of the class. Tolling the statute of limitations thus creates

no potential for unfair surprise, regardless of the method class members choose to enforce their rights upon denial of class certification.

*Crown v. Parker*, 462 U.S. at 352-53, 103 S. Ct. at 2397 (citations omitted).

The replacement workers were not sleeping on their rights when they trusted the *Baldwin* plaintiffs to adequately represent their interests. *See First Baptist Church v. Citronelle-Mobile Gathering, Inc*., 409 So. 2d 727, 728-29 (Ala. 1981). The replacement workers' reliance on the *Baldwin* class representatives is both expected and encouraged in class action suits. Thus, until the *Baldwin* class action suit was dismissed, their reliance was reasonable. Therefore, this is not an appropriate case for the application of laches, and the trial court abused its discretion in granting Pirelli's Tenn. R. Civ. P. 12.02(6) motion on that ground.

## V.

We reverse the trial court's April 3, 2003, order dismissing the replacement workers' complaint with respect to their breach of contract and intentional interference with contract claims, and affirm dismissal of the wrongful discharge claim on the grounds established in this opinion. We remand the case to the trial court for further proceedings consistent with this opinion and tax the costs of this appeal, in equal proportions, to Pirelli Tire Corporation, the United Steelworkers of America, and URW Local Union 670 for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.