*38 CORRIGAN, J.
(dissenting). I dissent from the majority’s conclusion that the filing of a class-action complaint tolls the period of limitations for all claims arising out of the same factual and legal nexus. Cowles’s filing of the original class action, alleging solely state law claims, did not toll the one-year period of limitations for Paxson’s claim under the Truth in Lending Act. Moreover, Paxson’s claim under the act, which Cowles could not have brought, does not relate back to the filing of the original complaint. Accordingly, I would reverse the judgment of the Court of Appeals and reinstate the trial court’s grant of summary disposition to defendant.
I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE
Defendant charged a $250 document preparation fee for its residential real estate mortgage transactions. In early 1997, plaintiff Kristine Cowles obtained a mortgage from defendant and was charged the $250 document preparation fee. On July 1, 1998, Cowles filed several state law claims regarding the fee on her own behalf and on behalf of a class of consumers, alleging, among other claims, that defendant’s document preparation constituted the unauthorized practice of law.
On August 20, 1998, Cowles amended her complaint to allege that the fee violated the federal Truth in Lending Act (TILA)[1] because the fee was improperly designated as a fee “paid to others on your behalf” when defendant, in reality, retained the fee. The trial court granted summary disposition to defendant because the form for Cowles’s transaction explicitly stated that the fee was paid to the bank. Plaintiffs have not appealed that ruling.
*39 On February 16, 1999, Cowles filed a second amended complaint, alleging another TILA violation because defendant allegedly had failed to disclose the document preparation fee as required by 15 USC 1605(a) and Regulation Z, 12 CFR 226.4. The trial court certified the class described in Cowles’s second amended complaint. Defendant then moved for summary disposition, alleging that Cowles could not serve as the class representative because her claim was time-barred.[2] Plaintiff Karen Paxson, who had obtained a loan from defendant on February 9, 1998, and was charged the same $250 fee, then moved to intervene and serve as the class representative. Paxson’s motion to intervene was granted, but the trial court later granted summary disposition to defendant on all the claims, with the exception of Paxson’s TILA claim, because the period of limitations had run before Cowles had filed her initial complaint.
Defendant and Paxson filed cross-motions for summary disposition. The trial court ruled that Paxson’s claim was time-barred. It had accrued more than one year before the TILA claim was pleaded in the second amended complaint. Thus, the trial court did not relate the second amended complaint back to the filing of the initial complaint.
The Court of Appeals thereafter granted plaintiffs’ application for leave to appeal and held the case in abeyance for Dressel v Ameribank, 468 Mich 557; 664 NW2d 151 (2003), which held that the preparation of standard mortgage forms by a bank did not amount to the unauthorized practice of law. The Court of Appeals *40 then considered the case in light of the Dressel decision and dismissed the unauthorized practice of law claim. In a published, split opinion, the Court of Appeals reversed in part. It held that the amendment of the class action complaint by an intervening plaintiff related back to the initial complaint. 263 Mich App 213, 230-231; 687 NW2d 603 (2004). Judge O’CONNELL dissented, arguing against the application of the relation-back doctrine. Id. at 236-238.
Defendant sought leave to appeal in this Court. We granted defendant’s application for leave to appeal. 474 Mich 886 (2005).
II. CLASS ACTION TOLLING DOCTRINE
The Court of Appeals opinion addressed only whether the relation-back doctrine applied to this case.[3] *41 The majority opinion, however, relies solely on the class action tolling doctrine. This is a different issue gov *42 erned by a different court rule. The tolling of the period of limitations in class actions is governed by MCR 3.501(F)(1). The relation back of amendments is governed by MCR 2.118(D). The majority concludes that “[bjecause the claim was not time-barred in this particular case, we need not decide whether the amendment to the class-action complaint... related back to the date of the initial filing.” Ante at 4.
In Michigan, class actions are governed by court rule. MCR 3.501(A) describes the nature of a class action. It provides, in relevant part:
(1) One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if:
(a) the class is so numerous that joinder of all members is impracticable;
*43 (b) there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members;
(c) the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]
MCR 3.501(F)(1) provides that “[t]he statute of limitations is tolled as to all persons within the class described in the complaint on the commencement of an action asserting a class action.” While this court rule tolls the period of limitations for all persons within the class described in the complaint, it is utterly silent regarding those claims to which the tolling provision applies. The majority holds that MCR 3.501(F) only requires the “assertion]” of a class action to trigger the tolling of the period of limitations for all claims arising out of the same factual and legal nexus as long as the defendant has notice of the class members’ claim and the number and generic identities of the potential plaintiffs. Ante at 24 n 10. I disagree.
MCR 3.501(F) codifies the United States Supreme Court’s decision in American Pipe & Constr Co v Utah, 414 US 538; 94 S Ct 756; 35 L Ed 2d 713 (1974). In American Pipe, the Supreme Court held that “the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status.” Id. at 553.
One year later, in Johnson v Railway Express Agency, Inc, 421 US 454; 95 S Ct 1716; 44 L Ed 2d 295 (1975), the Supreme Court held, in a non-class context, that a timely filing of a charge of employment discrimination with the Equal Employment Opportunity Commission under Title VII of the Civil Rights Act did not toll the limitations period for an action, based on the same *44 facts, under 42 USC 1981. The Court stated, “[t]he tolling effect given to the timely prior filings in American Pipe and in Burnett [v New York C R Co, 380 US 424; 85 S Ct 1050; 13 L Ed 2d 941 (1965)] depended heavily on the fact that those filings involved exactly the same cause of action subsequently asserted.” Id. at 467 (emphasis added).
In Crown, Cork & Seal Co, Inc v Parker, 462 US 345, 350-352; 103 S Ct 2392; 76 L Ed 2d 628 (1983), the Supreme Court extended the tolling of the period of limitations to those who bring individual actions after class certification is denied and to those who elect to opt out of the class action to file individual claims. Justice Powell concurred, cautioning, however, as follows:
[American Pipe] “must not be regarded as encouragement to lawyers in a case of this kind to frame their pleadings as a class action, intentionally, to attract and save members of the purported class who have slept on their rights.” The tolling rule of American Pipe is a generous one, inviting abuse. It preserves for class members a range of options pending a decision on class certification. The rule should not be read, however, as leaving a plaintiff free to raise different or peripheral claims following denial of class status.
In American Pipe we noted that a class suit “notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who participate in the judgment. Within the period set by the statute of limitations, the defendants have the essential information necessary to determine both the subject matter and size of the prospective litigation.” When thus notified, the defendant normally is not prejudiced by tolling of the statute of limitations. It is important to make certain, however, that American Pipe is not abused by the assertion of claims that differ from those raised in the original class suit. As Justice Blackmun noted, a district court should deny intervention under Rule 24(b) to “preserve a defendant whole against *45 prejudice arising from claims for which he has received no prior notice.” \Id. at 354-355 (Powell, J., concurring) (citations omitted).]
In Dressel v Ameribank, this Court dealt with a similar issue and fact pattern as the issue and facts in this case. In Dressel, the plaintiffs, acting on behalf of a class of similarly situated borrowers, filed a complaint in the Kent Circuit Court alleging that Ameribank violated Michigan law by charging them an excessive document preparation fee. The plaintiffs claimed, among other things, that Ameribank violated Michigan usury law and Michigan’s statutory prohibition against the unauthorized practice of law by charging a $400 document preparation fee on their November 17, 1997, loan. On March 22, 1999, the circuit court certified the plaintiffs’ case as a class action. On July 2, 1999, the circuit court dismissed the case, holding thatAmeribank’s document preparation fee did not violate Michigan’s usury law and that Ameribank did not engage in the unauthorized practice of law. The plaintiffs moved for reconsideration and sought leave to amend their complaint to include, among other things, a TILA claim. On September 3, 1999, the circuit court denied their requests. The circuit court held that the plaintiffs’ TILA claim was barred by the TILA’s one-year statute of limitations because the plaintiffs’ complaint was filed on December 21,1998, more than 13 months after their November 17, 1997, loan.[4] In Weston v Ameribank, 265 F3d 366 (CA 6, 2001), the plaintiff obtained a loan from Ameribank on April 1, 1998. The bank charged the plaintiff a $350 document preparation fee. The Weston *46 plaintiff was a member of the Dressels’ class action in the Dressel case. On September 10, 1999, seven days after the Dressels’ request for consideration and leave to amend their complaint was denied, the Weston plaintiff filed suit in federal district court, alleging that the $350 document preparation fee violated TILA because it was not properly disclosed. She claimed that the period of limitations on her TILA claim was tolled during the pendency of the Dressels’ class action. The district court determined that the Weston plaintiffs claim was barred by the TILA’s one-year statute of limitations. The Court of Appeals for the Sixth Circuit affirmed, holding that “the statute of limitations for putative class members of the original class is tolled only for substantive claims that were raised, or could have been raised, in the initial complaint.” Id. at 368.
The majority contends that two separate views exist regarding the class-action tolling doctrine. It states that some courts have relied on Justice Powell’s concurrence to conclude that the class-action tolling doctrine applies only to identical claims that were raised or could have been raised in the initial class-action complaint. The majority cites Weston in support of this proposition.
The majority further contends that other courts have held that subsequent claims filed after class certification has been denied need not be identical to the original class action for tolling to apply. See Tosti v City of Los Angeles, 754 F2d 1485 (CA 9, 1985); Barnebey v EF Hutton & Co, 715 F Supp 1512 (MD Fla, 1989). Rather, they need only share a “common factual and legal nexus to the extent that the defendant would likely rely on the same evidence or witnesses in mounting a defense.” Ante at 20, citing Cullen v Margiotta, 811 F2d 698, 719 (CA 2, 1987). The majority purportedly adopts this view, but does not recognize that even *47 a claim that shares a common factual and legal nexus with the initial claim cannot be tolled if the period of limitations had already run on the subsequent claim before the initial complaint was filed. Simply stated, there is nothing to toll. Thus, whether the tolling doctrine applies only to substantive claims that were raised or could have been raised or to all claims arising from a “common factual and legal nexus,” the TILA claim in question was not, and could not have been, brought initially by class representative Cowles because the TILA’s one-year period of limitations had already run before she filed her complaint. Because Paxson did not seek to intervene until after the period of limitations had also run on her TILA claim, she too could not toll the statute of limitations.
Lastly, the majority, citing Justice Powell’s concurrence in Crown, Cork & Seal, contends that the linchpin of whether the period of limitations is tolled under the class-action tolling doctrine is notice to the defendant of both the claims and the number and identities of the potential plaintiffs. It concludes that Paxson’s TILA claim, which involved the same factual bases and the same evidence, memories, and witnesses, was not such a “different or peripheral claim” so that tolling is not permitted. The majority has misconstrued Justice Powell’s concurrence. Justice Powell specifically noted that American Pipe must not be used as a tool to encourage lawyers to frame pleadings to attract purported class members who have slept on their rights. Crown, Cork & Seal, supra at 354 (Powell, J., concurring). He went on to state that “[t]he rule should not be read ... as leaving a plaintiff free to raise different or peripheral claims following denial of class status.” Id. Finally, he noted that a class action notifies the defendant of the substantive claims being brought against it and of the number and generic identities of the *48 people participating in the judgment. Id. Justice Powell’s comments support neither Cowles’s attempt to add a different claim nor the majority’s conclusion in this case. To allow Cowles to bring her TILA claim now, after sleeping on her rights, does not promote the purpose of the statute of limitations of eliminating stale claims. Nor does it notify defendant of the substantive claims being brought against it. Rather, under the majority’s rule, any unnamed class member may, at any time, seek to intervene and file an amendment adding different or peripheral claims, long after the period of limitations has run on such claims, as long as the claims involve the same factual and legal nexus.
Michigan courts do not and should not allow tolling where the new claim involves different legal theories than those pleaded in the first case. See Dressel, supra-, Weston, supra. I would follow the Sixth Circuit’s rule that the tolling doctrine applies only to substantive claims that were actually raised, or could have been raised, in the initial complaint.[5] Weston, supra at 368. *49 Cowles’s initial complaint alleged solely state law violations. Cowles did not raise, nor could she have raised, the TILA claim in her initial complaint because the period of limitations had already run. Thus, Cowles’s filing of the original class action, alleging solely state law claims, did not toll the one-year period of limitations for Paxson’s TILA claim. Moreover, Paxson’s intervention does not alter this conclusion because she did not seek to intervene until after the period of limitations had run on her TILA claim.[6] Accordingly, I *50 would reverse the judgment of the Court of Appeals and reinstate the trial court’s grant of summary disposition to defendant.
m. RELATION-BACK DOCTRINE
As stated above, the Court of Appeals applied only the relation-back doctrine in reaching its conclusion. The majority, however, completely fails to address whether the Court of Appeals erred in applying the relation-back doctrine to this case. MCR 2.118(D) governs the relation-back doctrine. It provides:
An amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading.
Although the court rules do not explicitly authorize the relation back of amendments in class actions, the Court of Appeals majority relied solely on this doctrine in allowing Paxson’s TILA claim to survive.
The Court of Appeals majority recognized that the relation-back doctrine does not apply to the claims of nonparties and does not extend to new parties. Hurt v Michael's Food Ctr, Inc, 220 Mich App 169, 179; 559 NW2d 660 (1996). It concluded, however, that Paxson was not a new party because she was a member of the originally asserted class. In Devlin v Scardelletti, 536 US 1, 9-10; 122 S Ct 2005; 153 L Ed 2d 27 (2002), the United States Supreme Court noted:
*51 Nonnamed class members . .. may be parties for some purposes and not for others. The label “party” does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context.
Nonnamed class members are, for instance, parties in the sense that the filing of an action on behalf of the class tolls a statute of limitations against them. Otherwise, all class members would be forced to intervene to preserve their claims, and one of the major goals of class action litigation — to simplify litigation involving a large number of class members with similar claims — would be defeated. The rule that non-named class members cannot defeat complete diversity is likewise justified by the goals of class action litigation. Ease of administration of class actions would be compromised by having to consider the citizenship of all class members, many of whom may even be unknown, in determining jurisdiction. Perhaps more importantly, considering all class members for these purposes would destroy diversify in almost all class actions. Nonnamed class members are, therefore, not parties in that respect. [Citations omitted.]
As the Supreme Court observed, an unnamed class member may be considered a party for some purposes and not for others. That an unnamed class member is considered a party for tolling purposes does not automatically make him or her a party for relation-back purposes. The relation-back rule is a subsection of the rule on amendments and supplemental pleadings. As noted, only a party may amend a pleading. As an unnamed class member, Paxson could not amend any pleading. The earliest she could have amended anything was after she intervened in the suit. Therefore, her status as a party for purposes of the amendment rule did not accrue until she intervened, if at all.
Judge O’Connell, in his dissenting opinion, also concluded that unnamed class members are not parties for relation-back purposes:
*52 The majority opinion goes astray when it fails to acknowledge that neither the TILA claim nor the original claim of illegal practice of law ever had a legitimate basis in the law. Deciding to disregard this detail, the majority allows Paxson to litigate the stale TILA claim as though the legal fiction of class status can somehow resurrect it. Propping up its legal reasoning on the erroneously granted class status, the majority allows Paxson to emerge from anonymity, replace Cowles as class representative, and advance a new cause of action that Cowles could not legitimately assert herself. The majority permits the substitution of claims and parties by glossing over Paxson’s own failure to fit within the time restraints of the statute of limitations. Stretching the legal fiction of class status far beyond its rending point, the majority holds that the previously unknown Paxson, as a silent member of the ill-founded class, had actually asserted the new claim from the time of the original complaint. If the majority correctly deemed Paxson a new party, the new claim would fail for tardiness. Hurt v Michaels’ Food Center, Inc, 220 Mich App 169, 179; 559 NW2d 660 (1996).
The majority’s contrary holding has more insidious ramifications than hyper-extending the statute of limitations on one claim for one group of litigants. It permits class litigants to ignore completely statutes of limitations as long as they can continue to muster fresh “class” plaintiffs with plausible causes of action stemming from the same general circumstances alleged in the complaint. If a court finds that one claim lacks legal support, the class’s attorneys may simply conjure another legal issue, amend the complaint to include it, and avoid the running of any period of limitations by relating the claim back to their original, defeated complaint. If the representative did not suffer the new harm alleged or is legally barred from asserting it, the class may simply conjure one of its imaginary participants and put him at the class’s helm. This approach allows a massive suit, brimming with countless phantom plaintiffs, to rise repeatedly from its own ashes *53 like a litigious Phoenix until a vexed and exhausted defendant finally pays it enough money to haunt someone else. [263 Mich App at 238-239.]
For the reasons well articulated in Judge O’Connell’s dissent, I would conclude that unnamed class members such as Paxson should not be considered “parties” for relation-back purposes. Holding to the contrary would allow for widespread abuse of the relation-back rule, whereby intervening plaintiffs could revive stale claims, not only for themselves, but also for all similarly situated members of the class, even if the initial plaintiff never had such a claim.
Here, Paxson failed to bring her TILA claim within the one-year limitations period. Paxson’s substitution as the class representative does not and should not give her license to add new claims that she previously failed to bring within the applicable limitations period. To so hold would defy the plain language of MCE, 3.501(A)(1), which requires a class representative to bring the claims on behalf of the remaining class. Moreover, to allow the application of the relation-back doctrine would defeat the purpose of the class-action tolling doctrine. Judicial efficiency and economy, as well as the statute of limitations, dictate that the TILA claim be brought immediately, rather than years after the fact. Thus, a potential class member like Paxson, who was or should have been aware that Cowles had not pleaded a TILA claim, sleeps on her rights by failing to act immediately. To allow Paxson to now assert a TILA claim on behalf of the class would allow piggybacking of one class action onto another and, thus, tolling of the period of limitations indefinitely. Moreover, Cowles’s reliance on the relation-back principle is completely inconsistent with the holding in American Pipe. If the relation-back principle applied in the class context to *54 proposed interveners, the holding in American Pipe would be superfluous. Every intervening plaintiff seeking to pursue a new claim would simply relate his or her claim back to the initial complaint.
For these reasons, Paxson should not be permitted to intervene to pursue a new claim that was not and could not have been brought by the initial class representative. A contrary holding invites gamesmanship. Moreover, such a rule will surely invite rampant abuse of the class-action tolling rule, as Justice Powell warned in Crown, Cork & Seal, supra at 354 (Powell, J., concurring).
IV CONCLUSION
Cowles’s filing of the original class action, alleging solely state law claims, did not toll the one-year period of limitations for Paxson’s TILA claim. Moreover, Paxson’s TILA claim, which was not and could not have been brought by the initial class representative, does not relate back to the filing of the original complaint. Accordingly, I would reverse the judgment of the Court of Appeals and reinstate the trial court’s grant of summary disposition to defendant. Because I would hold that Paxson’s TILA claim is barred by the statute of limitations, I do not reach the issue whether a question of fact existed regarding whether the document preparation fee was “bona fide.”
Taylor, C. J., and Young, J., concurred with Corrigan, J.

 15 USC 1601 et seq.

 15 USC 1640(e) states that “[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.”

 The majority mischaracterizes the Court of Appeals majority opinion in concluding that it addressed the class-action tolling doctrine. The majority extensively cites the Court of Appeals opinion for the proposition that the Court of Appeals addressed both the class-action tolling and the relation-back doctrines. The majority, however, fails to recognize that, read in context with the remainder of the opinion, the Court of Appeals applied only the relation-back doctrine. The Court of Appeals majority stated:
Plaintiff Paxson next challenges the trial court’s grant of summary disposition to defendant on her TILA claim. Neither the Michigan Court of Appeals nor the Michigan Supreme Court has decided whether the amendment of a class action complaint to add new theories of liability relates hack to the filing of the initial complaint for purposes of computing the eviration of the period of limitations. Thus, whether Paxson’s TILA cause of action was barred by the period of limitations involves an issue of first impression and an issue of law, which is reviewed de novo. [263 Mich App at 219-220 (emphasis added).]
The Court of Appeals majority further noted that since Paxson was a member of the original class, and since the class was ultimately certified, MCR 3.501(F)(2) applied to toll the period of limitations with respect to *41 Paxson. Id. at 220-221. In making this specific contention, the Court of Appeals majority, however, was not referring to Paxson’s TILA claim when stating that MCR 3.501(F)(2) applied to Paxson. This is clear when read in context with the next sentence, which states, “The question then arises whether amendments to the complaint, adding claims arising out of the conduct, transaction, or occurrence alleged in the original complaint, relate bach to the date of the initial filing when the statute of limitations was tolled.” Id. at 221 (emphasis added). If the Court of Appeals had been referring to the tolling of Paxson’s TILA claim when contending that MCR 3.501(F) applied to Paxson, as suggested by the majority, it would not have needed to address whether the relation-back doctrine applied.
Additionally, the Court of Appeals demonstrated that it applied the relation-back doctrine only when it stated:
Both defendant and the trial court interpret the ruling in American Pipe [& Constr Co v Utah, 414 US 538; 94 S Ct 756; 38 L Ed 2d 713 (1974)] to require notification of specific causes of action before the period of limitations on those claims expires. Given that the American Pipe Court was not addressing the relation back of amendments, we decline to interpret the language in that manner... .
In Crown, Cork & Seal Co v Parker, 462 US 345; 103 S Ct 2392; 76 L Ed 2d 628 (1983), the Court revisited its ruling in American Pipe. Again, however, the Court was not called on to address the relation back of amendments in class action litigation. [Id. at 225-226 (emphasis added).]
Finally, the Court of Appeals majority clearly demonstrated that it was applying the relation-hack doctrine only when it stated, “In sum, we conclude that the relation-back doctrine applies to Paxson’s TILA claim and the claim was improperly dismissed on motion for summary disposition.” Id. at 231.
To make it perfectly clear to the majority, I do not contend that the Court of Appeals did not conclude that Paxson’s TILA claim was not tolled. Rather, I contend that the Court of Appeals was not referring to the tolling of Paxson’s TILA claim when it stated that MCR 3.501(F)(2) applied to Paxson because she was a member of the class. Id. at 220-221. I further contend that the Court of Appeals held, albeit erroneously, that *42 Paxson’s TILA claim was tolled, but relied solely on the relation-back doctrine in reaching its holding. The majority has not rebutted this contention, ante at 14-17 n 6.
Evidently the majority is confused about the conclusion it reaches. It states, “[T]he Court of Appeals concluded that Paxson’s claim was not time-barred because her claim was tolled and the amendment related back to the initial class complaint for purposes of computing the period of limitations.” Id. at 17 n 6. The majority fails to realize that its statement is merely another way of stating my contention that the Court of Appeals relied on the relation-back doctrine, not the class-action tolling doctrine, in holding that Paxson’s period of limitations was tolled. I acknowledge that the Court of Appeals holding is misleading and confusing. If Paxson’s TILA claim related hack to the filing of the original complaint (which the Court of Appeals held that it did), then no need would exist to hold that the period of limitations was “tolled.” Thus, the Court of Appeals erroneously stated that Paxson’s TILA claim was “tolled” because it related back to the original filing. Rather, it should have stated that Paxson’s TILA claim was not barred by the statute of limitations because it related back to the filing of the original complaint. In reading the Court of Appeals opinion, the Court of Appeals clearly meant to state the latter, but did a poor job of communicating.

 The circuit court in this case should have similarly denied Cowles’s motion to amend her complaint to add a stale claim. As noted by Judge O’Connell, the trial court also erred in certifying the class on the basis of a stale claim. 263 Mich App at 238.

 The majority cites a laundry list of cases allegedly contradicting my position. Ante at 27-28. None of these cases, however, addresses the question at issue here, whether the filing of a class action tolls the period of limitations for a new class member’s individual claim when that claim could not have been asserted by the initial class representative and when the period of limitations had already run on the new class member’s claim before that member sought to intervene. As such, the cases are not inconsistent with my dissenting opinion. In any event, see Weston, to which to majority devotes one sentence in its entire opinion. Not only is Weston more factually on point than the cases cited by the majority, the legal issue is similar to that decided here, and the conclusion is consistent with my dissenting opinion.
The majority also contends that my view of the class-action tolling doctrine would frustrate the very purpose of MCR 3.501(F). I disagree. The purpose of MCR 3.501(F) is to toll the period of limitations for putative class members in regards to claims brought in the original class-action complaint. Thus, in the event that class certification is denied, the putative class members would not be punished by relying on *49 the class action. Such a rule is necessary to prevent individual unnamed class members from having to intervene to preserve their claims. I do not dispute the validity of this rule. Rather, I would conclude that the tolling doctrine applies only to claims that were raised or could have been raised in the initial complaint. To hold otherwise would expand the purpose of MCR 3.501(F), which is to protect unnamed class members in the event that class certification is denied. Moreover, it would completely defy the general purpose of the statute of limitations, which is to prevent stale claims. Finally, the majority’s interpretation of MCR 3.501(F) would allow unnamed class members to intervene at any time during the suit and to file an amendment adding different or peripheral claims long after the period of limitations has run on such claims. The majority’s conclusion essentially deems rules of procedure in class actions, especially rules regarding statutes of limitations, unnecessary.

 The majority claims that I fail to explain how the filing of a class action that does not meet the requirements for class certification tolls the period of limitations, but the filing of a class action by a person who does not meet the requirements to serve as a class representative does not toll the period of limitations. The majority clearly misinterprets my dissenting opinion. I do not reach that conclusion in my dissent. Nor do I accept or reject the accuracy of the statement. Rather, I reach the narrow conclusion that Cowles did not bring her TILA claim in her original complaint and that she could not amend her complaint to add the claim because the period of limitations had run on her claim before she filed the initial complaint. Thus, MCR 3.501(F) would not apply because no claim existed to toll. Moreover, Paxson did not seek to intervene until the period of limitations had run on her TILA claim. Thus, when Paxson sought to intervene, she also had no claim to toll. MCR 3.501(F) would not apply to toll Paxson’s TILA claim because the claim was not brought in the original complaint. Nor could it have been brought in the original *50 complaint. MCR 3.501(F) does not toll claims for all class members that the class representative did not and could not bring. To allow the tolling of such claims is not only outside the purpose of MCR 3.501(F), it broadens the application of MCR 3.501(F) to every conceivable claim that shares the same factual nexus, whether pleaded or not. Moreover, it completely obliterates any concept of a statute of limitations.