NICKELL, JUDGE:
Sean Humber, Dominico Morbley, Aaron Ruffin, Gregory Stokes, Kem Anderson and Tim Anderson, individually and through their guardians have appealed from the March 21, 2016, order of the Fayette Circuit Court dismissing their complaint against Lexington-Fayette Urban County Government ("LFUCG"). Following a careful review, we affirm.
The factual and procedural history underlying this matter are lengthy and convoluted. However, because the issue presented in this appeal is purely one of law, only a truncated recitation of facts is necessary. Ron Berry was Executive Director of Micro-City Government ("MCG"), a private, non-profit organization which received grant funding from LFUCG. During his tenure, Berry abused numerous youths, including Appellants, who participated in programs sponsored by MCG. In 1998, Berry was arrested and convicted on twelve counts of sodomy. Shortly thereafter, a putative class action lawsuit was filed in United States District Court.[1] That action was settled in 2000, shortly after class certification was denied.
Three more putative class actions followed between May 2000 and January 2003. Each of these actions were filed by individuals claiming abuse by Berry. The first such action[2] settled following denial of class certification. The remaining two *275 actions[3] were dismissed on statute of limitations grounds. However, on appeal, the United States District Court's dismissal was reversed and remanded with instructions to reopen the Guy case and permit the Doe I and Doe II plaintiffs to intervene. On remand, the United States District Court denominated the two groups of plaintiffs "John and Jane Doe" and "Rex and Rita Roe" to distinguish the groups while preserving their anonymity. The Doe and Roe plaintiffs filed intervening complaints in 2006.
The intervening complaints asserted claims on behalf of putative classes of persons abused by Berry while participating in any program administered or operated by Berry, MCG or LFUCG. Claims against LFUCG were premised on the refusal or failure of LFUCG to take action to stop Berry's improper activities while continuing to fund MCG. The complaint included nearly a dozen causes of action based on a variety of theories grounded in both state and federal law.
In early 2008, judgment was granted in favor of LFUCG on all Doe and Roe plaintiffs' state and federal law claims, except a single federal civil rights claim. In May 2009 the United States District Court granted LFUCG partial summary judgment on statute of limitations grounds as to the majority of the Doe and Roe plaintiffs. Only those plaintiffs who had asserted a basis for tolling the limitations period-either due to age or mental incapacity-were spared from the judgment. Three months later, class certification was denied. The statute of limitations and class certification decisions were affirmed in an interlocutory appeal.[4]
Following final denial of class certification, additional plaintiffs individually joined the litigation. The Appellants in the instant appeal were undisputedly named as "Rex Roe" plaintiffs in the original 2006 complaint or were some of the later joined plaintiffs. All asserted entitlement to tolling of the limitations period. LFUCG renewed motions for summary judgment which had originally been filed in early 2010 but had been stayed during pendency of the interlocutory appeal wherein it was asserted plaintiffs' remaining claims failed as they could not show Berry was a "state actor." On May 30, 2013, the United States District Court concluded Berry was not a "state actor" and the receipt of funds by MCG from LFUCG did not somehow transform the former into an agency of the latter. Summary judgment was granted against all plaintiffs-except John Doe 39 and Rex Roe 92 who presented facts tying their abuse to a single program-a free summer lunch program funded by LFUCG-for which Berry might potentially have been working as an employee of LFUCG.
The Roe plaintiffs moved to alter or vacate the May 30, 2013, ruling, asserting they had insufficient opportunity to take discovery on the state action issue-even though the issue had been raised as early as 2010-and sought to add several new, alternate legal theories supporting their federal civil rights claim. The United States District Court denied the motion.
More than five months later, the Roe plaintiffs moved for relief from the summary judgment, asserting connections between their abuse and the summer lunch program. Supporting information for the *276 motion consisted of excerpts from depositions and discovery responses long predating entry of summary judgment. The United States District Court denied the motion, finding no justification for reconsideration and no explanation for why the proffered evidence could not have been presented earlier. Subsequently, LFUCG settled with most of the plaintiffs, including John Doe 39 and Rex Roe 92, to stave off further litigation and appeals. However, several non-settling Roe plaintiffs-including some of the instant Appellants-appealed the summary judgment order and the denial of their post-judgment motions for relief.
On August 20, 2015, over seventeen years after the initial complaint was filed, the Sixth Circuit rendered an opinion affirming the United States District Court's rulings, effectively ending the Guy litigation.[5] The Sixth Circuit concluded the United States District Court correctly found Berry was not a "state actor." The opinion further rejected the contention the Roe plaintiffs had insufficient opportunity to discover and present facts, holding ample time had been afforded to research and submit evidence, and nothing had prevented the plaintiffs from discovering the information they sought, especially since the plaintiffs themselves were the source of that information.
Approximately three months later, the instant suit was commenced in Fayette Circuit Court. All plaintiffs were named "Rex Roe" plaintiffs in the federal suits and had their claims dismissed on the merits and not on statute of limitations grounds. All but one participated in the final appeal in Guy. The claims raised in this suit were based on the same factual background as the four prior federal suits. Appellants sought to impose liability on LFUCG for Berry's sexual misconduct based on LFUCG's funding of MCG and the alleged failure to report or stop Berry's improper actions. Eight causes of action were pled, all based on state law violations. LFUCG moved for dismissal on res judicata grounds, asserting all claims stemmed from the same conduct adjudicated in Guy. Appellants asserted the doctrine of res judicata was inapplicable because they had not been given a full and fair opportunity to litigate the issues of mental disability in the federal action. Following a hearing, the trial court granted LFUCG's motion and dismissed the matter with prejudice. This appeal followed.
Before this Court, Appellants assert they were not permitted a full and fair opportunity to litigate matters related to their incompetency in the federal actions, thereby making application of the doctrine of res judicata inappropriate. They urge reversal and remand so they may have their day in court.
The facts and procedural history are undisputed and are therefore considered conclusive for purposes of this appeal. We review orders granting a motion to dismiss de novo. Webster County Board of Education v. Franklin , 392 S.W.3d 431, 434 (Ky. App. 2013). Application of res judicata , being a question of law, is likewise reviewed under the de novo standard. Sedley v. City of W. Buechel , 461 S.W.2d 556 (Ky. 1970). The narrow issue presented requires only a determination of whether the instant claims are barred by res judicata. We conclude they are.
Res judicata is the Latin term for "a matter adjudged."
The doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or *277 issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.
46 Am. Jur. 2d, Municipal Corporations and Other Subdivisions § 514.
In Yeoman v. Commonwealth, Health Policy Bd. , 983 S.W.2d 459, 464-65 (Ky. 1998), the Supreme Court of Kentucky provided a detailed analysis of the doctrine of res judicata.
The rule of res judicata is an affirmative defense which operates to bar repetitious suits involving the same cause of action. The doctrine of res judicata is formed by two subparts: 1) claim preclusion and 2) issue preclusion. Claim preclusion bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action. Allen v. McCurry , 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) ; Worton v. Worton , 234 Cal.App.3d 1638, 286 Cal.Rptr. 410 (2 Dist. 1991), rev. denied (Cal) 1992 LEXIS 472; County of Rutherford by Child Support Enforcement Agency v. Whitener , 100 N.C.App. 70, 394 S.E.2d 263 (1990) ; Vestal, The Constitution and Preclusion-Res Judicata , 62 Mich.L.Rev. 33. Issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action. The issues in the former and latter actions must be identical. The key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts. If the two suits concern the same controversy, then the previous suit is deemed to have adjudicated every matter which was or could have been brought in support of the cause of action. Worton , 234 Cal.App.3d at 1638, 286 Cal.Rptr. 410 ; Commonwealth, Dept. of Transp. v. Crawford , 121 Pa.Cmwlth. 613, 550 A.2d 1053 (1988). For claim preclusion to bar further litigation, certain elements must be present. First, there must be identity of the parties. Newman v. Newman , Ky., 451 S.W.2d 417, 419 (1970). Second, there must be identity of the causes of action. Id. Third, the action must have been resolved on the merits. Id. The rule that issues which have been once litigated cannot be the subject matter of a later action is not only salutary, but necessary to the speedy and efficient administration of justice.
....
For issue preclusion to operate as a bar to further litigation, certain elements must be found to be present. First, the issue in the second case must be the same as the issue in the first case. Restatement (Second) of Judgments § 27 (1982). Second, the issue must have been actually litigated. Id. Third, even if an issue was actually litigated in a prior action, issue preclusion will not bar subsequent litigation unless the issue was actually decided in that action. Id. Fourth, for issue preclusion to operate as a bar, the decision on the issue in the prior action must have been necessary to the court's judgment. Id.
(footnote omitted) (emphasis added). Based on this guidance, we conclude Appellants are barred by claim preclusion from asserting LFUCG is liable for Berry's actions by the federal courts' previous adjudications in Guy , Doe I , Doe II , and Doe III.
First, identity of the parties is undisputed.
Second, the current suit is based on the "same transactional nucleus of facts" as the federal suits and the claims raised herein could clearly have been brought in those actions. For claim preclusion purposes, a cause of action is defined in factual *278 terms and "regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff[.] ... The transaction is the basis of the litigative unit or entity which may not be split." Dennis v. Fiscal Court of Bullitt County , 784 S.W.2d 608, 610 (Ky. App. 1990) (quoting Restatement (Second) of Judgments § 24, cmt. a (1982) ). Contrary to Appellants' assertion, claim preclusion does not require an issue to be "actually litigated" in the prior suit; that requirement is only pertinent to application of issue preclusion. The rule against splitting causes of actions is applicable even when a plaintiff attempts to "present evidence or grounds or theories of the case not presented in the first action or ... [t]o seek remedies or forms of relief not demanded in the first action." Id. (quoting Restatement (Second) of Judgments § 25 (1982) ). Further, it matters not that the instant suit is premised solely on state law claims. The United States District Court and the Fayette Circuit Court had concurrent jurisdiction to adjudicate all of Appellants' federal and state law claims, thereby requiring Appellants to bring all their claims in the first action. Leeds v. City of Muldraugh , 329 S.W.3d 341, 345 (Ky. App. 2010). As in Leeds , the federal suit here contained several state law claims which clearly demonstrated that other later asserted state law claims should have been asserted in the federal case. Thus, we conclude there was an identity of causes of action and Appellants were not entitled to attempt to split their action to gain yet another bite at the apple.
Third, even a cursory review of the record reveals the federal litigation, which was actively practiced for nearly two decades, decided all claims raised therein on the merits. Any involuntary dismissal, other than one for lack of jurisdiction, improper venue, or failure to join a necessary party, "operates as an adjudication on the merits" unless the order dismissing specifically states otherwise. Federal Rules of Civil Procedure 41(b). Appellants' state law claims were dismissed for failure to state a claim for which relief could be granted. The remaining claims were disposed of by summary judgment based on Appellants' failure to show the existence of a "state actor" in their civil rights claims. Clearly, the Guy litigation was decided on the merits. Res judicata applies and the trial court did not err in so finding.
Finally, we discern no merit in Appellants' contention they were denied a full and fair opportunity to litigate their claims in the federal actions. This argument consists of two prongs: (1) they were unable to complete discovery on the "state action" issue; and (2) no discovery was conducted regarding mental competency. As found multiple times in the federal actions, the defense related to lack of state action was raised in 2010 and the facts Appellants claim they were unable to discover were at all times in the possession of the Appellants themselves. It is disingenuous at best for Appellants to attempt to foist blame on the courts or the opposing party for their own failure to produce evidence regarding their alleged abuse especially after being on notice of the need for such evidence for several years. Further, the same assertion of error was raised and rejected more than once in the federal litigation. Although Appellants disagree with the federal courts' rulings, it is not the task of this Court to sit as an appellate court reviewing discovery rulings of the United States District Court and we decline the invitation to undertake such a chore.
Also unavailing is Appellants' assertion they were denied the opportunity to undertake any discovery related to alleged mental incompetence. The federal court made no determination related to incompetency *279 and was not required to under the circumstances. Appellants remained in the federal litigation following the United States District Court's limitation ruling because they had asserted entitlement to tolling of the limitations period. Subsequently, the United States District Court dismissed their claims on other grounds. Thus, regardless of Appellants' alleged entitlement to tolling of the limitations period, the failure to prove the essential elements to sustain the underlying cause of action resulted in dismissal. Discovery related to competency was therefore unnecessary.
Having discerned no error, and for the foregoing reasons, the judgment of the Fayette Circuit Court is AFFIRMED.
ALL CONCUR.

Guy v. Lexington-Fayette Urban County Government , No. 1998-431-WOB (E.D. Ky.).

Doe v. Lexington-Fayette Urban County Government , No. 2000-166-KSF (E.D. Ky.) ("Doe I").

Doe #1-33 v. Lexington-Fayette Urban County Government , No. 2002-436-JMH (E.D. Ky.) ("Doe II "); Doe #1-44 v. Lexington-Fayette Urban County Government , No. 2003-12-JMH (E.D. Ky.) ("Doe III ").

Guy v. LFUCG , 488 Fed.Appx. 9 (6th Cir. 2012).

Guy v. LFUCG , 624 Fed.Appx. 922 (6th Cir. 2015).