RENDERED: JUNE 9, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1061-MR

SAKURA, LTD CO.;[1] SAKURA, LTD.;
AND CHRIS ARDELT                                             APPELLANTS


                  APPEAL FROM FRANKLIN CIRCUIT COURT
v.                HONORABLE THOMAS D. WINGATE, JUDGE
                       ACTION NO. 21-CI-00343


 KAY-JEN INVESTMENTS, LLC                                         APPELLEE

AND


                  NO. 2022-CA-0580-MR


KAY-JEN INVESTMENTS, LLC                                          APPELLANT


v.                APPEAL FROM FRANKLIN CIRCUIT COURT
                  HONORABLE THOMAS D. WINGATE, JUDGE
                       ACTION NO. 21-CI-00900

---

[1] Sakura, Ltd. Co. is named in the notice of appeal. However, the trial court denied its motion to intervene in the underlying case. That denial was memorialized in the same order that is the subject of the present appeal. However, Sakura, Ltd. Co. has not challenged the denial of intervention. That issue is not before this Court. Accordingly, nothing herein addressing the merits of the present cases applies to Sakura, Ltd. Co.

SAKURA, LTD. AND CHRIS ARDELT                           APPELLEES


OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE, AND MCNEILL; JUDGES.

MCNEILL, JUDGE:  This case involves a lease (hereafter, the Lease), with an option to purchase a property located in Frankfort, Kentucky.  Beginning on February 17, 2017, Appellee, Kay-Jen Investments, LLC (Lessor), leased the properties to Appellants, Sakura, Ltd., and Chris Ardelt (Lessees).  The Lease ran for a term of three years and expired on February 16, 2020.  The Lease also granted Lessees an option to purchase the property, with closing to occur "on or before sixty (60) days after exercise of the Option . . . ."

After the three-year term expired, the parties agreed to amend the lease to extend through February 16, 2021.  On that day, Lessees provided Lessor with a notice to exercise the option to purchase.  However, Lessees failed to close on the property within sixty days.  Lessor then provided Lessees with a notice of cancellation of the lease.  Despite the notice of cancellation, Lessees asserted rights under the lease.

Lessor filed a Petition for a Declaration of Rights in Franklin Circuit Court (Case One). Lessees filed a motion to dismiss, which was denied. The court granted Lessor's Petition, thereby concluding that the Lease term had expired. No motion to alter, amend, or vacate was filed pursuant to CR[2] 59.05. Lessee appealed and the circuit court was divested of jurisdiction. Lessor subsequently filed a motion pursuant to CR 60.02, which was denied.

On December 22, 2021, Lessors filed a separate action in the Franklin Circuit Court (Case Two), alleging, *inter alia*, breach of contract, damages, and attorney's fees. On May 9, 2022, the court granted Lessor's motion to dismiss on the basis that Case Two was an improper attempt to "split" the litigation. Lessor appealed. Both Cases were originally docketed as two separate appeals before two different panels of this Court. At the Court's discretion, both cases shall be decided by the present panel. For the following reasons, we affirm the judgment in Case One. We reverse the judgment in Case Two and remand. Each will be addressed in turn.

## ANALYSIS

It is undisputed that the parties failed to close the purchase deal within sixty days after Lessees provided notice of their intent to purchase. And although there was no express clause indicating that time was of the essence, the circuit

---

[2] Kentucky Rules of Civil Procedure.

court correctly cited the "long established and universally declared rule that in such contracts (creating options) time is of the essence thereof both in law and equity . . . ." *Rounds v Owensboro Ferry Co.*, 253 Ky. 301, 69 S.W. 2d 350, 354 (1934). *See also Good v. Evans*, 178 S.W.2d 600, 601 (Ky. 1944); and 3 ROBERT W. KEATS, KY. PRAC. REAL ESTATE TRANSACTIONS § 5:11 *Client's purpose in buying or selling – Time of essence*.

We emphasize the circuit court's conclusion that the Lessees had four years to obtain financing and to otherwise prepare for the purchase. This included a one-year extension of the lease's original term. In addition, it appears that the parties here are sophisticated corporate entities, presumably well-versed in managing real estate agreements. In any event, in the absence of clear and binding authority to the contrary, we cannot conclude that the circuit court erred in this instance. Therefore, we affirm the circuit court as to Case One. We will now address whether the circuit court correctly determined that Case Two was an impermissible attempt to "split" the causes of action.

"[T]he rule against splitting causes of action precludes successive actions arising from one transaction." *Moorhead v. Dodd*, 265 S.W.3d 201, 203 (Ky. 2008).

> Thus, the rule against splitting claims is nothing more than that aspect of *res judicata* which requires the court to determine the scope of the prior claim; *i.e.*, to decide if

-4-

> the second action involves issues which should have been litigated in the first action, but were not.

*Coomer v. CSX Transp., Inc.*, 319 S.W.3d 366, 371 n.9 (Ky. 2010) (citation omitted). "Application of *res judicata*, being a question of law, is . . . reviewed under the *de novo* standard." *Humber v. Lexington-Fayette Urb. Cnty. Gov't*, 553 S.W.3d 273, 276 (Ky. App. 2018) (citation omitted). To be clear, we are specifically concerned here with claim preclusion.

> The doctrine of *res judicata* is formed by two subparts: 1) claim preclusion and 2) issue preclusion. Claim preclusion bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action.
>
>  . . . .
>
> For claim preclusion to bar further litigation, certain elements must be present. First, there must be identity of the parties. Second, there must be identity of the causes of action. Third, the action must have been resolved on the merits.

*Id*. at 277 (citations and footnote omitted) (citing *Yeoman v. Commonwealth, Health Policy Bd.*, 983 S.W.2d 459, 464-65 (Ky. 1998)). Both cases at issue here involve identical parties. It is undisputed that Case One was resolved on the merits. The only remaining element of a traditional claim preclusion analysis is whether there is sufficient identity of the causes of action.

However, the more precise question we must resolve here, is whether a declaratory claim(s) (Case One), bars a subsequent coercive claim(s) (Case Two).

Under the specific pleadings at issue here, we conclude that it does not. In so holding, we find the following case law instructive: "Claim preclusion generally does not apply to declaratory judgments." *Cont'l Cas. Co. v. Indian Head Indus., Inc.*, 941 F.3d 828, 835 (6th Cir. 2019) (citing *ASARCO, L.L.C. v. Montana Res., Inc.*, 858 F.3d 949, 955 (5th Cir. 2017)). *See also Strunk v. Bennett*, 258 S.W.2d 517, 519 (Ky. 1953) (holding that judgment in earlier suit to cancel leases did not preclude subsequent conversion suit because, "[t]here was really no conversion (as alleged) until after the court had adjudged the instruments to be void"); *Cooke v. Gaidry*, 309 Ky. 727, 218 S.W.2d 960 (1949) (holding that the judgment in declaratory judgment action was not res judicata of matters which could have been adjudicated but were not); *Coomer*, 319 S.W.3d at 372 (noting the "number of exceptions" to the rule against splitting causes of action); and 50 C.J.S. *Judgments* § 928 (March 2023 Update). We now return to the substantive pleadings at issue here.

Case One is a petition for a declaration of rights under the option to purchase provision of the Lease. By contrast, Case Two pleaded the following: breach of contract, conversion, damages, and fees. These causes of action and request for relief resulted from Lessees' alleged wrongful withholding of rental income, property damage, *etc*. In consideration of the aforementioned case law,

secondary source material, and the specific pleadings and procedural history at issue here, we conclude that Case One does not preclude Case Two.

## **CONCLUSION**

For the foregoing reasons – and in consideration of the record, the law, and the arguments presented – we affirm the Franklin Circuit Court's opinion and order entered on August 31, 2021.  We reverse the court's order entered on May 10, 2022, and remand for further proceedings consistent with the decision.

ALL CONCUR.

BRIEFS FOR
APPELLANTS/APPELLEES
SAKURA, LTD. AND CHRIS
ARDELT:

Christopher P. Farris
Lexington, Kentucky

BRIEFS FOR
APPELLEE/APPELLANT KAY-JEN
INVESTMENTS, LLC:

Matthew W. Forsythe
Carmel, Indiana